APPEAL,IFP,TYPE–E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:19–cv–03570–TSC
## *Internal Use Only*

PURKEY v. BARR et al
Assigned to: Judge Tanya S. Chutkan
 Cases:  1:19–mc–00145–TSC
         1:19–cv–03214–TSC
Cause: 28:2201 Injunction

**Plaintiff**

**WESLEY IRA PURKEY**

Date Filed: 11/26/2019
Jury Demand: None
Nature of Suit: 550 Prisoner Petition: Civil Rights (Other)
Jurisdiction: U.S. Government Defendant

represented by **Brian J. Fleming**
MILLER & CHEVALIER, CHARTERED
900 Sixteenth St NW
Washington, DC 20006
202–626–5871
Fax: 202–626–5801
Email: bfleming@milchev.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles FrancisBenedict McAleer , Jr.**
MILLER & CHEVALIER, CHARTERED
900 Sixteenth Street, NW
Washington, DC 20006
(202) 626–5963
Fax: (202) 628–0858
Email: cmcaleer@milchev.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca Woodman**
REBECCA E. WOODMAN,
ATTORNEY AT LAW L.C.
1263 W. 72nd Ter.
Kansas City, MO 64114
785–979–3672
Email: rewlaw@outlook.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WILLIAM P. BARR**
*Attorney General*

represented by **John Benton Hurst**
U.S. Attorney's Office
Western District of Missouri

1

400 E. 9th Street
Kansas City, MO 64106
8164263122
Email: John.Hurst@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATHLEEN HAWK SAWYER**          represented by   **John Benton Hurst**
*Acting Director, Federal Bureau of*                 (See above for address)
*Prisons*                                             *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE 1 TO X**               represented by   **John Benton Hurst**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/26/2019 | 1 | | COMPLAINT against WESLEY IRA PURKEY , *Defendants: William P. Barr, Kathleen Hawk Sawyer, and John Does 1–X* (Fee Status:Filing Fee Waived) filed by WESLEY IRA PURKEY. (Attachments: # 1 Exhibit 1–12 (Part 1 of 2), # 2 Exhibit 1–12 (Part 2 of 2), # 3 Exhibit 13 (Part 1 of 8), # 4 Exhibit 13 (Part 2 of 8), # 5 Exhibit 13 (Part 3 of 8), # 6 Exhibit 13 (Part 4 of 8), # 7 Exhibit 13 (Part 5 of 8), # 8 Exhibit 13 (Part 6 of 8), # 9 Exhibit 13 (Part 7 of 8), # 10 Exhibit 13 (Part 8 of 8), # 11 Exhibit 14 (Part 1 of 7), # 12 Exhibit 14 (Part 2 of 7), # 13 Exhibit 14 (Part 3 of 7), # 14 Exhibit 14 (Part 4 of 7), # 15 Exhibit 14 (Part 5 of 7), # 16 Exhibit 14 (Part 6 of 7), # 17 Exhibit 14 (Part 7 of 7), # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Exhibit 38, # 42 Exhibit 39, # 43 Exhibit 40, # 44 Exhibit 41, # 45 Exhibit 42, # 46 Exhibit 43, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Civil Cover Sheet, # 50 Summons W. Barr, # 51 Summons J. Liu, # 52 Summons K. Sawyer)(McAleer, Charles) (Entered: 11/26/2019) |
| 11/26/2019 | 2 | | MOTION for Leave to Proceed in forma pauperis by WESLEY IRA PURKEY (McAleer, Charles) (Entered: 11/26/2019) |
| 11/26/2019 | 3 | | NOTICE OF RELATED CASE by WESLEY IRA PURKEY. Case related to Case No. 19–mc–00145, 19–cv–03214. (McAleer, Charles) (Entered: 11/26/2019) |
| 11/26/2019 | 4 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rebecca E. Woodman, *Firm: Attorney at Law, L.C., Address: 1263 W. 72nd Ter., Kansas City, Misouri 64114, Phone No.: (785) 979–3672* Filing fee $ 100, receipt number ADCDC–6597859. Fee Status: Fee Paid. by WESLEY IRA PURKEY |

| | | |
|---|---|---|
| | | (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(McAleer, Charles) (Entered: 11/26/2019) |
| 11/27/2019 | 5 | NOTICE of Appearance by Brian J. Fleming on behalf of WESLEY IRA PURKEY (Fleming, Brian) (Entered: 11/27/2019) |
| 12/02/2019 | 6 | FIAT ORDER granting 2 Motion for Leave to Proceed in forma pauperis. "Leave to file without prepayment of costs GRANTED." Signed by Judge Randolph D. Moss on 12/02/2019. (zsb) (Entered: 12/03/2019) |
| 12/03/2019 | | Case Assigned to Judge Tanya S. Chutkan. (zsb) (Entered: 12/03/2019) |
| 12/04/2019 | | MINUTE ORDER: Granting 4 Motion for Leave to Appear Pro Hac Vice. Rebecca E.Woodman is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Tanya S. Chutkan on 12/4/19. (DJS) (Entered: 12/04/2019) |
| 12/04/2019 | 7 | WITHDRAWN PURSUANT TO MINUTE ORDER FILED 12/31/19.....MOTION for Preliminary Injunction *Barring Execution of Wesley Purkey Pending Final Disposition on the Merits* by WESLEY IRA PURKEY (Attachments: # 1 Memorandum in Support, # 2 Declaration of Rebecca E. Woodman, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Text of Proposed Order)(McAleer, Charles). (Entered: 12/04/2019) |
| 12/11/2019 | 8 | SUMMONS (3) Issued as to WILLIAM P. BARR, KATHLEEN HAWK SAWYER, and U.S. Attorney (adh, ) (Entered: 12/11/2019) |
| 12/11/2019 | 9 | NOTICE of Appearance by John Benton Hurst on behalf of All Defendants (Hurst, John) (Entered: 12/11/2019) |
| 12/11/2019 | 10 | Memorandum in opposition to re 7 MOTION for Preliminary Injunction *Barring Execution of Wesley Purkey Pending Final Disposition on the Merits* filed by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER. (Hurst, John) (Entered: 12/11/2019) |
| 12/17/2019 | 11 | MOTION to Withdraw 7 MOTION for Preliminary Injunction *Barring Execution of Wesley Purkey Pending Final Disposition on the Merits* by WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(McAleer, Charles) (Entered: 12/17/2019) |
| 12/26/2019 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KATHLEEN HAWK SAWYER served on 12/26/2019, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 12/26/2019. ( Answer due for ALL FEDERAL DEFENDANTS by 2/24/2020.) (eg) (Entered: 12/27/2019) |
| 12/27/2019 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney |

| | | | |
|---|---|---|---|
| | | | General 12/26/19. (ztd) (Entered: 12/31/2019) |
| 12/31/2019 | | | MINUTE ORDER: Plaintiff's 11 Unopposed Motion to Withdraw is hereby GRANTED. It is therefore ORDERED that Plaintiff's 7 Motion for Preliminary Injunction is hereby terminated and withdrawn without prejudice to renew. Nevertheless, it is FURTHER ORDERED that Plaintiff shall respond to Defendants' arguments raised in its 11 Opposition that jurisdiction for this claim lies elsewhere. The response shall be in writing of no more than 20 pages and shall be filed no later than January 14, 2020 at 5PM. Signed by Judge Tanya S. Chutkan on 12/31/2019. (lcdl) (Entered: 12/31/2019) |
| 01/02/2020 | | | Set/Reset Deadline: Plaintiff shall filed a Response, of no more than 20 pages by 5:00 PM on 1/14/2020, to Defendants' arguments raised in its 11 Opposition that jurisdiction for this claim lies elsewhere. (jth) (Entered: 01/02/2020) |
| 01/14/2020 | 14 | | RESPONSE TO ORDER OF THE COURT re Order on Motion to Withdraw,, filed by WESLEY IRA PURKEY. (McAleer, Charles) (Entered: 01/14/2020) |
| 01/21/2020 | 15 | | Joint MOTION for Leave to File *Additional Briefing* by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER (Attachments: # 1 Exhibit A – Defendants' Response to Purkey's Brief Filed Pursuant to this Court's Order of Dec. 31, 2019)(Hurst, John) (Entered: 01/21/2020) |
| 01/22/2020 | | | MINUTE ORDER granting 15 Joint Consent Motion for Leave to File Additional Briefing. Purkey may file a response not to exceed five pages by January 28, 2020 at 5PM. Signed by Judge Tanya S. Chutkan on 1/22/2020. (lcdl) (Entered: 01/22/2020) |
| 01/22/2020 | 16 | | RESPONSE TO ORDER OF THE COURT re Minute Order on Motion for Leave to File filed by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER. (ztd) (Entered: 01/23/2020) |
| 01/28/2020 | 17 | | REPLY re 14 Response to Order of the Court *re Minute Order on Motion for Leave to File* filed by WESLEY IRA PURKEY. (McAleer, Charles) Modified linkage on 1/29/2020 (ztd). (Entered: 01/28/2020) |
| 02/24/2020 | 18 | | MOTION to Dismiss , MOTION to Transfer Case by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER (Attachments: # 1 Exhibit A – Declaration of Melinda Reardon, # 2 Text of Proposed Order)(Hurst, John) (Entered: 02/24/2020) |
| 03/04/2020 | 19 | | Joint MOTION to Modify *Briefing Schedule Regarding Defendants' Motion to Dismiss* by WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(McAleer, Charles) (Entered: 03/04/2020) |
| 03/05/2020 | | | MINUTE ORDER granting 19 Joint Motion to Modify Briefing Schedule. Plaintiff's response due no later than March 16, 2020. Defendants' reply due no later than 14 days after service of Plaintiff's response. Signed by Judge Tanya S. Chutkan on 3/5/2020. (lcdl) (Entered: 03/05/2020) |
| 03/10/2020 | | | Set/Reset Deadlines: Response due by 3/16/2020. (tb) (Entered: 03/10/2020) |
| 03/16/2020 | 20 | | Memorandum in opposition to re 18 MOTION to Dismiss MOTION to Transfer Case filed by WESLEY IRA PURKEY. (McAleer, Charles) (Entered: 03/16/2020) |

| | | | |
|---|---|---|---|
| 03/30/2020 | 21 | | REPLY to opposition to motion re 18 MOTION to Dismiss MOTION to Transfer Case filed by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER. (Hurst, John) (Entered: 03/30/2020) |
| 06/15/2020 | 22 | | NOTICE *Regarding Execution Date* by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER (Hurst, John) (Entered: 06/15/2020) |
| 06/22/2020 | 23 | | MOTION for Preliminary Injunction *Barring Execution of Wesley Purkey Pending Final Disposition on the Merits* by WESLEY IRA PURKEY (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Declaration of J. Goldenson, # 4 Declaration of T. Hyde, # 5 Declaration of E. Vartkessian, # 6 Declaration of R. Woodman, # 7 Text of Proposed Order)(McAleer, Charles) (Entered: 06/22/2020) |
| 06/23/2020 | | | MINUTE ORDER: Defendants shall file any Opposition to Plaintiff's 23 Motion for a Preliminary Injunction no later than 6/29/2020. Plaintiff shall file any Reply no later than 7/2/2020. Signed by Judge Tanya S. Chutkan on 6/23/2020. (lcdl) (Entered: 06/23/2020) |
| 06/23/2020 | 24 | | MOTION for Discovery *(Expedited)* by WESLEY IRA PURKEY (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(McAleer, Charles) (Entered: 06/23/2020) |
| 06/24/2020 | | | Set/Reset Deadlines: Response due by 6/29/2020. Reply due by 7/2/2020. (tb) (Entered: 06/24/2020) |
| 06/24/2020 | | | MINUTE ORDER: Defendants shall file any Opposition to Plaintiff's 24 Motion for Discovery (Expedited) no later than 6/29/2020. Plaintiff shall file any Reply no later than 7/2/2020. Signed by Judge Tanya S. Chutkan on 6/24/2020. (lcdl) (Entered: 06/24/2020) |
| 06/25/2020 | | | Set/Reset Deadlines: Response due by 6/29/2020. Reply due by 7/2/2020. (tb) (Entered: 06/25/2020) |
| 06/26/2020 | 25 | | NOTICE of Appearance by Rebecca Woodman on behalf of WESLEY IRA PURKEY (zjf) (Entered: 06/26/2020) |
| 06/29/2020 | 26 | | Memorandum in opposition to re 23 MOTION for Preliminary Injunction *Barring Execution of Wesley Purkey Pending Final Disposition on the Merits* filed by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER. (Hurst, John) (Entered: 06/29/2020) |
| 06/29/2020 | 27 | | Memorandum in opposition to re 24 MOTION for Discovery *(Expedited)* filed by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER. (Attachments: # 1 Declaration of K. Siereveld, # 2 Declaration of T. Watson)(Hurst, John) (Entered: 06/29/2020) |
| 07/02/2020 | 28 | | MOTION to Strike 27 Memorandum in Opposition, *Declaration of T.J. Watson, ECF No. 27–2* by WESLEY IRA PURKEY (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(McAleer, Charles) (Entered: 07/02/2020) |
| 07/02/2020 | 29 | | REPLY to opposition to motion re 23 MOTION for Preliminary Injunction *Barring Execution of Wesley Purkey Pending Final Disposition on the Merits* filed by WESLEY IRA PURKEY. (McAleer, Charles) (Entered: 07/02/2020) |
| 07/02/2020 | 30 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to opposition to motion re 24 MOTION for Discovery *(Expedited)* filed by WESLEY IRA PURKEY. (Attachments: # 1 Appendix A, # 2 Declaration of Rebecca E. Woodman (Supplemental))(McAleer, Charles) (Entered: 07/02/2020) |
| 07/03/2020 | 31 | | NOTICE *of Recent Decision* by WESLEY IRA PURKEY (Attachments: # 1 Exhibit A)(McAleer, Charles) (Entered: 07/03/2020) |
| 07/04/2020 | 32 | | NOTICE *of Recent Factual Event* by WESLEY IRA PURKEY (Attachments: # 1 Exhibit A)(McAleer, Charles) (Entered: 07/04/2020) |
| 07/06/2020 | 33 | | Memorandum in opposition to re 28 MOTION to Strike 27 Memorandum in Opposition, *Declaration of T.J. Watson, ECF No. 27–2* filed by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER. (Hurst, John) (Entered: 07/06/2020) |
| 07/14/2020 | 34 | | NOTICE OF SUPPLEMENTAL AUTHORITY by WILLIAM P. BARR, JOHN DOE 1 TO X, KATHLEEN HAWK SAWYER (Hurst, John) (Entered: 07/14/2020) |
| 07/14/2020 | 35 | | NOTICE *of Filing and Ruling* by WESLEY IRA PURKEY (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McAleer, Charles) (Entered: 07/14/2020) |
| 07/15/2020 | 36 | | ORDER granting Plaintiffs' 23 Motion for Preliminary Injunction and denying Defendants' 18 Motion to Dismiss. Defendants are HEREBY ENJOINED from executing Wesley Ira Purkey until further order of this court. It is further ORDERED that Plaintiff shall show cause, no later than July 31, 2020, why this case should not be transferred to the Southern District of Indiana. See Order for details. Signed by Judge Tanya S. Chutkan on 7/15/2020. (lcdl) (Entered: 07/15/2020) |
| 07/15/2020 | 37 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 36 Order on Motion to Dismiss,, Order on Motion to Transfer Case,, Order on Motion for Preliminary Injunction, by JOHN DOE 1 TO X, WILLIAM P. BARR, KATHLEEN HAWK SAWYER. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit District Court Order)(Hurst, John) (Entered: 07/15/2020) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WESLEY I. PURKEY,            )
                                    )
          Plaintiff,         )
                                     )
        v.                 )   Civil No. 19-03570 (TSC)
                                     )
WILLIAM P. BARR, et al,      )
                                     )
          Defendants.    )

**DEFENDANTS' NOTICE OF APPEAL**

Notice is hereby given this 15th day of July, 2020, that Defendants in this action appeal

to the United States Court of Appeals for the District of Columbia Circuit from the Order of this

Court entered on July 15, 2020, *see* ECF No. 36 (Order) (attached hereto), in which the Court

granted Plaintiff's Renewed Motion for a Preliminary Injunction (ECF No. 23) and ordered that

"the Defendants (along with their respective successors in office, officers, agents, servants,

employees, attorneys, and anyone activity in concert with them) are enjoined from executing

Plaintiff Wesley Ira Purkey until further order of this Court." Order, ECF No. 36.


Dated:   July 15, 2020                     Respectfully submitted,

                                                 MICHAEL R. SHERWIN
                                                 Acting United States Attorney

                          By     /s/ *J. Benton Hurst*

                                                 BRIAN P. CASEY
                                                 KATHLEEN D. MAHONEY
                                                 J. BENTON HURST (D.D.C. Bar #MO009)
                                                 DAVID WAGNER
                                               Special Assistant United States Attorneys

7

-2-

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Fax: (816) 426-5186
E-mail:  Brian.Casey@usdoj.gov
           Kate.Mahoney@usdoj.gov
           John.Hurst@usdoj.gov
           David.Wagner@usdoj.gov

*Attorneys for Defendants*

-2-

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-3570 (TSC) |
| | ) | |
| | ) | |
| WILLIAM P. BARR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Plaintiff Wesley Ira Purkey is 68 years old.  As a child, he experienced repeated sexual abuse and molestation by those charged with caring for him.  (ECF No. 1, Compl., ¶ 20.)  As a young man, he suffered multiple traumatic brain injuries—first in 1968, when he was 16, and again in 1972 and 1976, when he was 20 and 24 respectively.  (ECF No. 1-1, Agharkar Report, at 22.)  At 14, he was first examined for possible brain damage, and at 18, he was diagnosed with schizophrenic reaction, schizoaffective disorder, and depression superimposed upon a pre-existing antisocial personality.  (*Id.* at 5.)  At 68, he suffers from progressive dementia, schizophrenia, complex-post traumatic stress disorder, and severe mental illness.  (Compl., ¶¶ 14, 21, 24.)

Defendants plan to execute him today, July 15, 2020.  (ECF No. 22.)

Purkey seeks to enjoin his execution on two grounds: that he is not currently competent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986) and the Eighth Amendment, and that Attorney General William Barr and Bureau of Prisons Director Michael Carvajal have not afforded him due process in connection with this Eighth Amendment claim.  (*See* Compl.,

1

9

¶¶ 109–119.)  Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction[1] and failure to state a claim.  (ECF No. 18, Defs. Mot. to Dismiss.)  In the alternative, Defendants move to transfer all claims that are not dismissed to the United States District Court for the Southern District of Indiana.  (*Id.*, at 33–39.)  For the reasons set forth below, the court will DENY Defendants' Motion to Dismiss, GRANT Plaintiff's motion for a preliminary injunction, and ORDER Plaintiff to show cause why this case should not be transferred.

Should the timing of this ruling be raised in subsequent litigation, the court notes that though Defendants have accused the court of "abusive delay," *Barr v. Lee*, No. 20A8 (July 14, 2020), App. for a Stay or Vacatur at 6–7, the court's sole responsibility is to endeavor to address, thoroughly and promptly, the claims of the four individuals whose execution dates were announced by the Government only one month before they were to occur.  The speed with which the government seeks to carry out these executions, and the Supreme Court's prioritization of that pace over additional legal process, makes it considerably more likely that injunctions may issue at the last minute, despite the efforts of Plaintiffs' counsel to raise, and the court to adjudicate, the claims in a timely fashion.

## I.  BACKGROUND

After a hiatus in federal executions of over fifteen years, on July 25, 2019, the U.S. Department of Justice (DOJ) announced plans to execute five inmates who had been sentenced to death under the federal death penalty statute.  *See* Press Release, Dep't of Justice, Federal

---

[1] At the time Defendants moved to dismiss, Plaintiff's execution date had passed, and a new date had not been scheduled.  (Defs. Mot. to Dismiss, at 12.)  Because an execution date has since been scheduled, the court need not address Defendants' claim that because there was no pending execution, the court lacked subject matter jurisdiction.

Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse. To implement these executions, the Federal Bureau of Prisons (BOP) adopted a new execution protocol: the 2019 Protocol. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. November 13, 2019), ECF No. 39-1, at 1021–75.

On November 20, 2019, the court preliminarily enjoined the executions of four inmates: Alfred Bourgeois, Daniel Lewis Lee, Dustin Lee Honken, and Wesley Ira Purkey. *See id*., ECF No. 50, at 15. The court found that these Plaintiffs had demonstrated a likelihood of success on the merits of their claims that the 2019 Protocol violates the Federal Death Penalty Act (FDPA), but the court did not rule on their other statutory and constitutional claims. *Id*., at 13–14. In April of this year, a divided D.C. Circuit panel vacated the preliminary injunction. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), cert. denied sub nom. *Bourgeois v. Barr*, No. 19-1348, 2020 WL 3492763 (June 29, 2020). The Court based its ruling solely on Plaintiffs' FDPA and APA claims, and noted that "regardless of our disposition, several claims would remain open on remand." *Execution Protocol Cases*, 955 F.3d at 113 (per curiam).

On June 15, 2020, the DOJ and BOP scheduled a new execution date for Purkey—July 15, 2020. On July 2, 2020, the Seventh Circuit stayed Purkey's execution, and at the time of this filing, that stay remains in place. *Purkey v. United States*, No. 19-3318, 2020 WL 3603779 (7th Cir. July 2, 2020). This court also preliminarily enjoined Purkey's execution, among others, on the grounds that the manner of execution violates the Eighth Amendment. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. July 13, 2020), ECF No. 136. The government sought a stay of the injunction at the D.C. Circuit, which was denied. *See In re*

3

11

*Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5199 (D.C. Cir. July 13, 2020). Defendants simultaneously sought a stay of the injunction at the United States Supreme Court, which the Court granted, allowing Mr. Lee to be executed on July 14, 2020. *See Barr v. Lee*, No. 20A8, 2020 WL 3964985 (July 14, 2020) (per curiam). The Supreme Court held that Plaintiffs had "not established that they are likely to succeed on the merits of their Eighth Amendment claim." *Id.* at *1–2. Four Justices dissented. *Id.* at *2–3.

## II.     LEGAL STANDARDS

### A. <u>Motion to Dismiss</u>

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The court does not assess the truth of what is asserted nor "whether a plaintiff has any evidence to back up what is in the complaint." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and move plaintiff's claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007). Facts that are "merely consistent" with a defendant's liability do not meet the plausibility standard. *Iqbal*, 556 U.S. at 678 (citation omitted).

The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556 U.S. at 679, and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471,

4

476 (D.C. Cir. 2012) (citing *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).). This presumption does not apply, however, to a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014) (the court "do[es] not accept as true . . . the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged.").

## B. <u>Preliminary Injunction</u>

A preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Courts consider four factors on a motion for a preliminary injunction: (1) the likelihood of plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest. *Id.* at 20 (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017). When the government is the opposing party, as is the case here, the third and fourth factors merge. *See Nken v. Holder*, 556 U.S. 418 (2009).

The D.C. Circuit has traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

### III.      ANALYSIS

**A. <u>Motion to Dismiss</u>**

    1.  <u>28 U.S.C. § 2241</u>

Defendant contends that Plaintiff raises "core habeas" claims that "must be brought by an action for a writ of habeas corpus under the statute authorizing that writ." *Hill v. McDonough*, 547 U.S. 573, 576 (2006).

       *i.  Preemption*

"Federal law opens two main avenues to relief on complaints related to imprisonment," a petition for habeas corpus or a claim under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). However, when a claim falls within the "core" of habeas, that claim cannot be brought under section 1983, but must instead "yield to the more specific federal habeas statute." *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Here, Plaintiff opens a third avenue by seeking equitable relief directly under the Constitution, (Compl., ¶ 11), but if that claim is within the "core" of habeas it must also "yield to the more specific federal habeas statute." *See Nelson*, 541 U.S. at 643.

In *Seminole Tribe of Fla. v. Florida*, the Court held: "Where Congress has created a remedial scheme for the enforcement of a particular federal right, we have, in suits against federal officers, refused to supplement that scheme with one created by the judiciary." 517 U.S. 44, 74 (1996) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). In the habeas corpus context, Congress has provided a remedial scheme under section 2241. Accordingly, the Court in *Preiser v. Rodriguez* found that it would "wholly frustrate explicit congressional intent" if a plaintiff could avoid federal habeas corpus laws "by the simple expedient of putting a different label on their pleadings." 411 U.S. 475, 489–490 (1973). Consistent with Supreme Court

precedent and congressional intent, this court finds that to the extent Plaintiff's claims are within the "core" of habeas, they must be brought under 28 U.S.C. § 2241.

### ii. Core Habeas

A plaintiff's claims "challenging the fact of his conviction or the duration of his sentence" fall within the "core" of habeas corpus. *Nelson*, 541 U.S. at 643 (citing *Preiser*, 411 U.S. at 489). In the death penalty context, the criterion for a core habeas claim is whether "a grant of relief to the inmate would necessarily bar the execution." *Hill*, 547 U.S. at 583 (2006). A claim is not core habeas when injunctive relief would not challenge the sentence itself and "the inmate appear[s] willing to concede the existence of an acceptable alternative." *See id.* at 579 (citing *Nelson*, 541 U.S. at 645–646).

Plaintiff makes two claims for relief under *Ford*: that his execution would violate the Eighth Amendment because he is currently incompetent, and that executing him without providing a hearing to determine his competency would violate the Eighth Amendment and the Due Process Clause of the Fifth Amendment. (Compl., ¶¶ 108–115.)

Under *Ford*, when a plaintiff claims incompetence, "the only question raised is not *whether*, but *when*, his execution may take place." *Ford*, 477 U.S. at 425 (emphasis in original) (Powell, J., concurring); *see also Panetti v. Quarterman*, 551 U.S. 930, 949 (2007) (finding that Justice Powell's concurring opinion controls procedure for *Ford* claims). This temporal question is distinct from "the antecedent question whether petitioner should be executed at all." *Ford*, 477 U.S. at 425 (Powell, J., concurring). In fact, Justice Powell noted that incompetence may be temporary, and that a person may be returned to competency in order to carry out his sentence. *See id.* at n.5.

7

15

Under this analysis, neither of Plaintiff's *Ford* claims is a core habeas claim. The first claim is not core habeas because success will not necessarily bar his execution. As *Ford* makes clear, a claim of incompetence does not affect whether a plaintiff should be executed, but rather when execution would be appropriate. *See* 477 U.S. at 425 (Powell, J., concurring). Plaintiff argues that he should be executed when he is competent, not that his execution should be permanently enjoined. (ECF No. 20, Pl. Opp., at 15.) Therefore, his claim falls outside the core of habeas because it does not seek to bar his execution or challenge his sentence. Instead, success on this claim would result in a temporary injunction lasting until Plaintiff's competency is restored. (*See id.*, at 16.) In acknowledging that he may be rendered competent, Plaintiff appears to concede that an acceptable alternative exists, namely that his sentence can be carried out when he is competent. (*See id.*)

The second claim is not a core habeas claim because, as the Supreme Court stated in *Hill*, a claim is not core habeas when it seeks only to enjoin the intended manner of execution and "does not challenge the [execution] sentence as a general matter." 547 U.S. at 580. Plaintiff's second claim challenges the manner of his execution by arguing that due process entitles him to a competency hearing before he can be executed. (Compl., ¶ 119.) Success on this claim would not challenge his death sentence but would only provide him a competency hearing. Again, Plaintiff appears to concede that there is an acceptable alternative—his execution can occur after he is found competent. (Pl. Opp., at 16.)

2. Jurisdiction

Because neither of Plaintiff's claims are core habeas claims, this court has jurisdiction to hear them. A claim that falls outside of the core of habeas corpus does not need to be brought pursuant to section 2241. *Nelson*, 541 U.S. at 643 ("[C]onstitutional claims that merely

challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance.")  Plaintiff alleges that if he were to be executed as the government plans, his rights to Due Process under the Eighth and Fifth Amendments would be violated.  (Compl., ¶ 119.)  Because this claim is of constitutional dimension and falls outside of the core of habeas, this court is satisfied that subject matter jurisdiction is appropriate under 28 U.S.C. § 1331.  *See Bell v. Hood*, 327 U.S. 678, 681–83 (1946) (holding that federal question jurisdiction is appropriate where a plaintiff brings claims directly under the Constitution and those claims are neither made solely for the purpose of obtaining jurisdiction nor insubstantial and frivolous).

Even if Plaintiff's claims were core habeas, this court would still have jurisdiction.  This is because the jurisdictional requirement that habeas petitioners file in the district of confinement, *see Rumsfeld v. Padilla*, 542 U.S. 426, 447, (2004), "is best understood as a question of personal jurisdiction or venue" not a question of subject matter jurisdiction.  *Id.* at 451 (Kennedy, J., concurring).  Therefore, the requirement "can be waived by the Government," *id.* at 452; and in this case, it was waived.  Fed. R. Civ. P. 12(h)(1)(A) provides that a defense listed in Fed. R. Civ. P. 12(b)(2)–(5) is waived when, as here, it is not raised in a motion to dismiss.  (*See, e.g.*, Defs. Mot. to Dismiss, at 12–21, 33; ECF No. 21, Defs. Reply, at 20 ("venue is proper here").)  In other words, *Padilla,* along with the Federal Rules of Civil Procedure, require that Defendants challenge Plaintiff's claims on jurisdictional grounds, not on Plaintiff's ability to state a claim, yet Defendants only move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and in fact concede the jurisdictional grounds—e.g. that personal jurisdiction and venue are appropriate in this district.

3.  Substantial Threshold Showing of Incompetence

9

17

Separately, Defendants argue that Plaintiff has failed to state a claim because he has not plausibly alleged that he is incompetent. (Defs. Mot. to Dismiss, at 21–28.) Under *Ford*, a Plaintiff must make "a substantial threshold showing of insanity" in order to overcome the presumption of sanity and be afforded a competency hearing. *See Panetti*, 551 U.S. at 949. Specifically, a Plaintiff must make a substantial showing that his "mental illness prevents him from 'rational[ly] understanding' why the State seeks to [execute him]." *Madison v. Alabama*, 586 U.S. __ (2019) (quoting *Panetti*, 551 U.S. at 959). "[T]he issue is whether a 'prisoner's concept of reality' is 'so impair[ed]' that he cannot grasp the execution's 'meaning and purpose' or the 'link between [his] crime and its punishment.'" *Id.* (quoting *Panetti*, 551 U.S. at 960).

Counsel for Plaintiff makes four arguments to show he is incompetent. First, he does not understand that his execution is punishment for his capital crime. (Compl., ¶¶ 21–37.) Second, he has a documented history of mental illness, including delusional and paranoid thinking, starting in childhood and continuing to the present. (Compl., ¶¶ 38–85.) Third, his dementia has caused a decline in his mental health. (Compl., ¶¶ 86–102.) Fourth, his long-term inability to effectively communicate with counsel evinces his incompetence. (Compl., ¶¶ 103–108.) To support each of these arguments, Plaintiff's counsel submitted a series of reports and declarations regarding Plaintiff's conditions, which the court credits. Most notably, Plaintiff provides a report by Dr. Bhushan Agharkar, stating that Plaintiff lacks a rational understanding of the basis for his execution. (Agharkar Report, at 11–12.)

Although Defendants dispute Plaintiff's claim of incompetence, they provided no independent evidence of competence. (Defs. Mot. to Dismiss, at 21–31.) Based on the record before it, the court finds that Plaintiff has made a sufficient showing to survive Defendants' motion to dismiss. Having made a substantial showing of incompetence, Plaintiff is therefore

10

entitled to an opportunity to be heard, including a fair hearing. *See Ford*, 477 U.S. at 425–26 (Powell, J., concurring).

**B.  Preliminary Injunction**

1.  Likelihood of Success on the Merits

Defendants' opposition to Plaintiff's renewed motion for a preliminary injunction restates the arguments made in their motion to dismiss: (1) that Plaintiff's core habeas claims were not properly brought under 28 U.S.C. § 2241 (ECF No. 26, Def. Opp. to Prelim. Inj. at 7–18) and (2) that Plaintiff has not plausibly alleged that he is incompetent. (Id., at 18–24.) However, for the reasons explained above, the court has jurisdiction over Plaintiff's claims and Plaintiff has made the substantial threshold showing required by *Ford,* and in doing so, has demonstrated a likelihood of success on his claim for a competency hearing. Accordingly, the court finds that Plaintiff has satisfied the likelihood of success requirement for a preliminary injunction.

2.  Irreparable Harm

In order to prevail on a request for preliminary injunction, irreparable harm "must be certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief to prevent irreparable harm," and it "must be beyond remediation." *League of Women Voters of U.S. v. Newby,* 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and brackets omitted). In *Ford*, Justice Marshall acknowledged that "execution is the most irremediable and unfathomable of penalties." 477 U.S. at 411 (citing *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (plurality opinion). Here, absent a preliminary injunction, Plaintiff would be executed without being given the opportunity to be heard regarding his competence to suffer such a sentence. As this court has already found, Plaintiff has made a

11

substantial threshold showing of incompetence. While Defendants may disagree with the Plaintiff's experts regarding his competence, they do not dispute that irreparable harm is likely. (Def. Opp. to Prelim. Inj., at 18–23, 27–29.) Based on this record, the court finds that Plaintiff has shown that absent injunctive relief, he will suffer irreparable harm.

> 3. Balance of Equities and Public Interest

Defendants devote one paragraph of their opposition to their argument that the government has an interest in enforcing Plaintiff's sentence. (Def. Opp. to Prelim. Inj. at 28–29.) It is true that "'[b]oth the [government] and the victims of crime have an important interest in the timely enforcement of a [death] sentence.'" *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (quoting *Hill*, 547 U.S. at 584). The Supreme Court has made clear, however, that executing someone "whose mental illness prevents him from comprehending the reasons for the penalty or its implications" has been considered "abhorrent" for centuries. *Ford*, 477 U.S. at 417. "Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so." *Purkey v. United States*, 2020 WL 3603779, at *11; *see also Cooey v. Taft*, 430 F. Supp. 2d 702, 708 (S.D. Ohio 2006) ("The public interest has never been and could never be served by rushing to judgment at the expense of a condemned inmate's constitutional rights."); *Harris v. Johnson*, 323 F. Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing laws . . . must be in the public's interest."). Here, this court seeks to avoid the abhorrent act that the Supreme Court warns against by finding that the equities and the public interest favor Plaintiff.

Considering all these factors, the court finds that a preliminary injunction is warranted.

12

C. <u>Transfer</u>

Finally, Defendants request that this court transfer all Plaintiff's claims that are not dismissed to the United States District Court for the Southern District of Indiana. (Defs. Mot. To Dismiss at 3; Defs. Reply at 20 (arguing for transfer even though "venue is proper").) Transfer is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). A district court considering transfer "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981), the Supreme Court detailed public and private interest factors a district court must consider. Private-interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotation marks omitted). Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (internal quotation marks omitted). However, "a plaintiff's choice [of forum] ordinarily deserves substantial deference." *Id.* at 242.

In *Starnes v. McGuire*, 512 F.2d 918, 929–933 (D.C. Cir. 1974), the D.C. Circuit articulated five factors affecting transfer in prisoner petitions: (1) difficulty of communication with counsel, (2) difficulty of transferring the prisoner (3) availability of witnesses and files (4)

13

whether the petition sounds in habeas corpus, and (5) speed of resolution. Where a case involves factors weighing both for and against transfer, "the District Court must determine the correct action in light of all the factors." *Id.* at 933.

Defendants contend that each of the five *Starnes* factors weigh in favor of transfer. (Defs. Mot. to Dismiss at 35–38.) Plaintiff does not directly address the *Starnes* factors but does suggest that several important witnesses reside in close proximity to this district. (Pl. Opp. at 34–35.) The court is mindful of Defendants' concerns regarding convenience. However, because transfer is discretionary and Plaintiff's choice of forum is entitled to substantial deference, the court will order Plaintiff to show cause why this case should not be transferred to the United States District Court for the Southern District of Indiana.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is hereby DENIED and Plaintiff's motion for a preliminary injunction is hereby GRANTED. It is further ORDERED that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiff Wesley Ira Purkey until further order of this court.

It is further ordered that Plaintiff must SHOW CAUSE, no later than July 31, 2020, why this case should not be transferred to the United States District Court for the Southern District of Indiana.

Date: July 15, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

14

22

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-3570 (TSC) |
| | ) | |
| | ) | |
| WILLIAM P. BARR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>ORDER</u>**

Plaintiff Wesley Ira Purkey is 68 years old.  As a child, he experienced repeated sexual abuse and molestation by those charged with caring for him.  (ECF No. 1, Compl., ¶ 20.)  As a young man, he suffered multiple traumatic brain injuries—first in 1968, when he was 16, and again in 1972 and 1976, when he was 20 and 24 respectively.  (ECF No. 1-1, Agharkar Report, at 22.)  At 14, he was first examined for possible brain damage, and at 18, he was diagnosed with schizophrenic reaction, schizoaffective disorder, and depression superimposed upon a pre-existing antisocial personality.  (*Id.* at 5.)  At 68, he suffers from progressive dementia, schizophrenia, complex-post traumatic stress disorder, and severe mental illness.  (Compl., ¶¶ 14, 21, 24.)

Defendants plan to execute him today, July 15, 2020.  (ECF No. 22.)

Purkey seeks to enjoin his execution on two grounds: that he is not currently competent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986) and the Eighth Amendment, and that Attorney General William Barr and Bureau of Prisons Director Michael Carvajal have not afforded him due process in connection with this Eighth Amendment claim.  (*See* Compl.,

1

¶¶ 109–119.)  Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction[1] and failure to state a claim.  (ECF No. 18, Defs. Mot. to Dismiss.)  In the alternative, Defendants move to transfer all claims that are not dismissed to the United States District Court for the Southern District of Indiana.  (*Id*., at 33–39.)  For the reasons set forth below, the court will DENY Defendants' Motion to Dismiss, GRANT Plaintiff's motion for a preliminary injunction, and ORDER Plaintiff to show cause why this case should not be transferred.

Should the timing of this ruling be raised in subsequent litigation, the court notes that though Defendants have accused the court of "abusive delay," *Barr v. Lee*, No. 20A8 (July 14, 2020), App. for a Stay or Vacatur at 6–7, the court's sole responsibility is to endeavor to address, thoroughly and promptly, the claims of the four individuals whose execution dates were announced by the Government only one month before they were to occur.  The speed with which the government seeks to carry out these executions, and the Supreme Court's prioritization of that pace over additional legal process, makes it considerably more likely that injunctions may issue at the last minute, despite the efforts of Plaintiffs' counsel to raise, and the court to adjudicate, the claims in a timely fashion.

## I.     BACKGROUND

After a hiatus in federal executions of over fifteen years, on July 25, 2019, the U.S. Department of Justice (DOJ) announced plans to execute five inmates who had been sentenced to death under the federal death penalty statute.  *See* Press Release, Dep't of Justice, Federal

---

[1] At the time Defendants moved to dismiss, Plaintiff's execution date had passed, and a new date had not been scheduled.  (Defs. Mot. to Dismiss, at 12.)  Because an execution date has since been scheduled, the court need not address Defendants' claim that because there was no pending execution, the court lacked subject matter jurisdiction.

2

Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse.  To implement these executions, the Federal Bureau of Prisons (BOP) adopted a new execution protocol: the 2019 Protocol.  *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. November 13, 2019), ECF No. 39-1, at 1021–75.

On November 20, 2019, the court preliminarily enjoined the executions of four inmates: Alfred Bourgeois, Daniel Lewis Lee, Dustin Lee Honken, and Wesley Ira Purkey.  *See id.*, ECF No. 50, at 15.  The court found that these Plaintiffs had demonstrated a likelihood of success on the merits of their claims that the 2019 Protocol violates the Federal Death Penalty Act (FDPA), but the court did not rule on their other statutory and constitutional claims.  *Id.*, at 13–14.  In April of this year, a divided D.C. Circuit panel vacated the preliminary injunction.  *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), cert. denied sub nom. *Bourgeois v. Barr*, No. 19-1348, 2020 WL 3492763 (June 29, 2020).  The Court based its ruling solely on Plaintiffs' FDPA and APA claims, and noted that "regardless of our disposition, several claims would remain open on remand."  *Execution Protocol Cases*, 955 F.3d at 113 (per curiam).

On June 15, 2020, the DOJ and BOP scheduled a new execution date for Purkey—July 15, 2020.  On July 2, 2020, the Seventh Circuit stayed Purkey's execution, and at the time of this filing, that stay remains in place.  *Purkey v. United States*, No. 19-3318, 2020 WL 3603779 (7th Cir. July 2, 2020).  This court also preliminarily enjoined Purkey's execution, among others, on the grounds that the manner of execution violates the Eighth Amendment.  *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. July 13, 2020), ECF No. 136. The government sought a stay of the injunction at the D.C. Circuit, which was denied.  *See In re*

3

*Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5199 (D.C. Cir. July 13, 2020).

Defendants simultaneously sought a stay of the injunction at the United States Supreme Court,

which the Court granted, allowing Mr. Lee to be executed on July 14, 2020. *See Barr v. Lee*, No.

20A8, 2020 WL 3964985 (July 14, 2020) (per curiam). The Supreme Court held that Plaintiffs

had "not established that they are likely to succeed on the merits of their Eighth Amendment

claim." *Id.* at *1–2. Four Justices dissented. *Id.* at *2–3.

## II.      LEGAL STANDARDS

### A. <u>Motion to Dismiss</u>

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the legal

sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The court

does not assess the truth of what is asserted nor "whether a plaintiff has any evidence to back up

what is in the complaint." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation

omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level" and

move plaintiff's claims "across the line from conceivable to plausible." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 554, 555, 570 (2007). Facts that are "merely consistent" with a defendant's

liability do not meet the plausibility standard. *Iqbal*, 556 U.S. at 678 (citation omitted).

The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556 U.S. at

679, and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all

inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471,

4

476 (D.C. Cir. 2012) (citing *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).).  This presumption does not apply, however, to a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014) (the court "do[es] not accept as true . . . the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged.").

## B.  <u>Preliminary Injunction</u>

A preliminary injunction is an "extraordinary remedy" that is "never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  Courts consider four factors on a motion for a preliminary injunction: (1) the likelihood of plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest.  *Id.* at 20 (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017).  When the government is the opposing party, as is the case here, the third and fourth factors merge.  *See Nken v. Holder*, 556 U.S. 418 (2009).

The D.C. Circuit has traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011).  It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction."  *Id.* at 393 (quoting *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

5

### III.     ANALYSIS

**A.  <u>Motion to Dismiss</u>**

> 1.  <u>28 U.S.C. § 2241</u>

Defendant contends that Plaintiff raises "core habeas" claims that "must be brought by an action for a writ of habeas corpus under the statute authorizing that writ." *Hill v. McDonough*, 547 U.S. 573, 576 (2006).

> *i.  Preemption*

"Federal law opens two main avenues to relief on complaints related to imprisonment," a petition for habeas corpus or a claim under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). However, when a claim falls within the "core" of habeas, that claim cannot be brought under section 1983, but must instead "yield to the more specific federal habeas statute." *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Here, Plaintiff opens a third avenue by seeking equitable relief directly under the Constitution, (Compl., ¶ 11), but if that claim is within the "core" of habeas it must also "yield to the more specific federal habeas statute." *See Nelson*, 541 U.S. at 643.

In *Seminole Tribe of Fla. v. Florida*, the Court held: "Where Congress has created a remedial scheme for the enforcement of a particular federal right, we have, in suits against federal officers, refused to supplement that scheme with one created by the judiciary." 517 U.S. 44, 74 (1996) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). In the habeas corpus context, Congress has provided a remedial scheme under section 2241. Accordingly, the Court in *Preiser v. Rodriguez* found that it would "wholly frustrate explicit congressional intent" if a plaintiff could avoid federal habeas corpus laws "by the simple expedient of putting a different label on their pleadings." 411 U.S. 475, 489–490 (1973). Consistent with Supreme Court

6

precedent and congressional intent, this court finds that to the extent Plaintiff's claims are within the "core" of habeas, they must be brought under 28 U.S.C. § 2241.

> ii. *Core Habeas*

A plaintiff's claims "challenging the fact of his conviction or the duration of his sentence" fall within the "core" of habeas corpus. *Nelson*, 541 U.S. at 643 (citing *Preiser*, 411 U.S. at 489). In the death penalty context, the criterion for a core habeas claim is whether "a grant of relief to the inmate would necessarily bar the execution." *Hill*, 547 U.S. at 583 (2006). A claim is not core habeas when injunctive relief would not challenge the sentence itself and "the inmate appear[s] willing to concede the existence of an acceptable alternative." *See id.* at 579 (citing *Nelson*, 541 U.S. at 645–646).

Plaintiff makes two claims for relief under *Ford*: that his execution would violate the Eighth Amendment because he is currently incompetent, and that executing him without providing a hearing to determine his competency would violate the Eighth Amendment and the Due Process Clause of the Fifth Amendment. (Compl., ¶¶ 108–115.)

Under *Ford*, when a plaintiff claims incompetence, "the only question raised is not *whether*, but *when*, his execution may take place." *Ford*, 477 U.S. at 425 (emphasis in original) (Powell, J., concurring); *see also Panetti v. Quarterman*, 551 U.S. 930, 949 (2007) (finding that Justice Powell's concurring opinion controls procedure for *Ford* claims). This temporal question is distinct from "the antecedent question whether petitioner should be executed at all." *Ford*, 477 U.S. at 425 (Powell, J., concurring). In fact, Justice Powell noted that incompetence may be temporary, and that a person may be returned to competency in order to carry out his sentence. *See id.* at n.5.

7

Under this analysis, neither of Plaintiff's *Ford* claims is a core habeas claim. The first claim is not core habeas because success will not necessarily bar his execution. As *Ford* makes clear, a claim of incompetence does not affect whether a plaintiff should be executed, but rather when execution would be appropriate. *See* 477 U.S. at 425 (Powell, J., concurring). Plaintiff argues that he should be executed when he is competent, not that his execution should be permanently enjoined. (ECF No. 20, Pl. Opp., at 15.) Therefore, his claim falls outside the core of habeas because it does not seek to bar his execution or challenge his sentence. Instead, success on this claim would result in a temporary injunction lasting until Plaintiff's competency is restored. (*See id.*, at 16.) In acknowledging that he may be rendered competent, Plaintiff appears to concede that an acceptable alternative exists, namely that his sentence can be carried out when he is competent. (*See id.*)

The second claim is not a core habeas claim because, as the Supreme Court stated in *Hill*, a claim is not core habeas when it seeks only to enjoin the intended manner of execution and "does not challenge the [execution] sentence as a general matter." 547 U.S. at 580. Plaintiff's second claim challenges the manner of his execution by arguing that due process entitles him to a competency hearing before he can be executed. (Compl., ¶ 119.) Success on this claim would not challenge his death sentence but would only provide him a competency hearing. Again, Plaintiff appears to concede that there is an acceptable alternative—his execution can occur after he is found competent. (Pl. Opp., at 16.)

2.  Jurisdiction

Because neither of Plaintiff's claims are core habeas claims, this court has jurisdiction to hear them. A claim that falls outside of the core of habeas corpus does not need to be brought pursuant to section 2241. *Nelson*, 541 U.S. at 643 ("[C]onstitutional claims that merely

challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance.")  Plaintiff alleges that if he were to be executed as the government plans, his rights to Due Process under the Eighth and Fifth Amendments would be violated.  (Compl., ¶ 119.)  Because this claim is of constitutional dimension and falls outside of the core of habeas, this court is satisfied that subject matter jurisdiction is appropriate under 28 U.S.C. § 1331.  *See Bell v. Hood*, 327 U.S. 678, 681–83 (1946) (holding that federal question jurisdiction is appropriate where a plaintiff brings claims directly under the Constitution and those claims are neither made solely for the purpose of obtaining jurisdiction nor insubstantial and frivolous).

Even if Plaintiff's claims were core habeas, this court would still have jurisdiction.  This is because the jurisdictional requirement that habeas petitioners file in the district of confinement, *see Rumsfeld v. Padilla*, 542 U.S. 426, 447, (2004), "is best understood as a question of personal jurisdiction or venue" not a question of subject matter jurisdiction.  *Id.* at 451 (Kennedy, J., concurring).  Therefore, the requirement "can be waived by the Government," *id.* at 452; and in this case, it was waived.  Fed. R. Civ. P. 12(h)(1)(A) provides that a defense listed in Fed. R. Civ. P. 12(b)(2)–(5) is waived when, as here, it is not raised in a motion to dismiss.  (*See, e.g.*, Defs. Mot. to Dismiss, at 12–21, 33; ECF No. 21, Defs. Reply, at 20 ("venue is proper here").)  In other words, *Padilla,* along with the Federal Rules of Civil Procedure, require that Defendants challenge Plaintiff's claims on jurisdictional grounds, not on Plaintiff's ability to state a claim, yet Defendants only move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and in fact concede the jurisdictional grounds—e.g. that personal jurisdiction and venue are appropriate in this district.

   3.  Substantial Threshold Showing of Incompetence

Separately, Defendants argue that Plaintiff has failed to state a claim because he has not plausibly alleged that he is incompetent.  (Defs. Mot. to Dismiss, at 21–28.)  Under *Ford*, a Plaintiff must make "a substantial threshold showing of insanity" in order to overcome the presumption of sanity and be afforded a competency hearing.  *See Panetti*, 551 U.S. at 949.  Specifically, a Plaintiff must make a substantial showing that his "mental illness prevents him from 'rational[ly] understanding' why the State seeks to [execute him]."  *Madison v. Alabama*, 586 U.S. __ (2019) (quoting *Panetti*, 551 U.S. at 959).  "[T]he issue is whether a 'prisoner's concept of reality' is 'so impair[ed]' that he cannot grasp the execution's 'meaning and purpose' or the 'link between [his] crime and its punishment.'"  *Id.*  (quoting *Panetti*, 551 U.S. at 960).

Counsel for Plaintiff makes four arguments to show he is incompetent.  First, he does not understand that his execution is punishment for his capital crime.  (Compl., ¶¶ 21–37.)  Second, he has a documented history of mental illness, including delusional and paranoid thinking, starting in childhood and continuing to the present.  (Compl., ¶¶ 38–85.)  Third, his dementia has caused a decline in his mental health.  (Compl., ¶¶ 86–102.)  Fourth, his long-term inability to effectively communicate with counsel evinces his incompetence.  (Compl., ¶¶ 103–108.)  To support each of these arguments, Plaintiff's counsel submitted a series of reports and declarations regarding Plaintiff's conditions, which the court credits.  Most notably, Plaintiff provides a report by Dr. Bhushan Agharkar, stating that Plaintiff lacks a rational understanding of the basis for his execution.  (Agharkar Report, at 11–12.)

Although Defendants dispute Plaintiff's claim of incompetence, they provided no independent evidence of competence.  (Defs. Mot. to Dismiss, at 21–31.)  Based on the record before it, the court finds that Plaintiff has made a sufficient showing to survive Defendants' motion to dismiss.  Having made a substantial showing of incompetence, Plaintiff is therefore

10

entitled to an opportunity to be heard, including a fair hearing.  *See Ford*, 477 U.S. at 425–26 (Powell, J., concurring).

## B. **Preliminary Injunction**

### 1.  Likelihood of Success on the Merits

Defendants' opposition to Plaintiff's renewed motion for a preliminary injunction restates the arguments made in their motion to dismiss: (1) that Plaintiff's core habeas claims were not properly brought under 28 U.S.C. § 2241 (ECF No. 26, Def. Opp. to Prelim. Inj. at 7–18) and (2) that Plaintiff has not plausibly alleged that he is incompetent.  (Id., at 18–24.)  However, for the reasons explained above, the court has jurisdiction over Plaintiff's claims and Plaintiff has made the substantial threshold showing required by *Ford,* and in doing so, has demonstrated a likelihood of success on his claim for a competency hearing.  Accordingly, the court finds that Plaintiff has satisfied the likelihood of success requirement for a preliminary injunction.

### 2.  Irreparable Harm

In order to prevail on a request for preliminary injunction, irreparable harm "must be certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief to prevent irreparable harm," and it "must be beyond remediation." *League of Women Voters of U.S. v. Newby,* 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and brackets omitted).  In *Ford*, Justice Marshall acknowledged that "execution is the most irremediable and unfathomable of penalties."  477 U.S. at 411 (citing *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (plurality opinion).  Here, absent a preliminary injunction, Plaintiff would be executed without being given the opportunity to be heard regarding his competence to suffer such a sentence.  As this court has already found, Plaintiff has made a

11

substantial threshold showing of incompetence.  While Defendants may disagree with the Plaintiff's experts regarding his competence, they do not dispute that irreparable harm is likely. (Def. Opp. to Prelim. Inj., at 18–23, 27–29.)  Based on this record, the court finds that Plaintiff has shown that absent injunctive relief, he will suffer irreparable harm.

> 3.   Balance of Equities and Public Interest

Defendants devote one paragraph of their opposition to their argument that the government has an interest in enforcing Plaintiff's sentence.  (Def. Opp. to Prelim. Inj. at 28–29.) It is true that "'[b]oth the [government] and the victims of crime have an important interest in the timely enforcement of a [death] sentence.'"  *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (quoting *Hill*, 547 U.S. at 584).  The Supreme Court has made clear, however, that executing someone "whose mental illness prevents him from comprehending the reasons for the penalty or its implications" has been considered "abhorrent" for centuries.  *Ford*, 477 U.S. at 417.  "Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so."  *Purkey v. United States*, 2020 WL 3603779, at *11; *see also Cooey v. Taft*, 430 F. Supp. 2d 702, 708 (S.D. Ohio 2006) ("The public interest has never been and could never be served by rushing to judgment at the expense of a condemned inmate's constitutional rights."); *Harris v. Johnson*, 323 F. Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing laws . . . must be in the public's interest.").  Here, this court seeks to avoid the abhorrent act that the Supreme Court warns against by finding that the equities and the public interest favor Plaintiff.

Considering all these factors, the court finds that a preliminary injunction is warranted.

12

C. <u>Transfer</u>

Finally, Defendants request that this court transfer all Plaintiff's claims that are not dismissed to the United States District Court for the Southern District of Indiana. (Defs. Mot. To Dismiss at 3; Defs. Reply at 20 (arguing for transfer even though "venue is proper").) Transfer is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). A district court considering transfer "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981), the Supreme Court detailed public and private interest factors a district court must consider. Private-interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotation marks omitted). Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (internal quotation marks omitted). However, "a plaintiff's choice [of forum] ordinarily deserves substantial deference." *Id.* at 242.

In *Starnes v. McGuire*, 512 F.2d 918, 929–933 (D.C. Cir. 1974), the D.C. Circuit articulated five factors affecting transfer in prisoner petitions: (1) difficulty of communication with counsel, (2) difficulty of transferring the prisoner (3) availability of witnesses and files (4)

13

whether the petition sounds in habeas corpus, and (5) speed of resolution.  Where a case involves factors weighing both for and against transfer, "the District Court must determine the correct action in light of all the factors."  *Id.* at 933.

Defendants contend that each of the five *Starnes* factors weigh in favor of transfer. (Defs. Mot. to Dismiss at 35–38.)  Plaintiff does not directly address the *Starnes* factors but does suggest that several important witnesses reside in close proximity to this district.  (Pl. Opp. at 34–35.)  The court is mindful of Defendants' concerns regarding convenience.  However, because transfer is discretionary and Plaintiff's choice of forum is entitled to substantial deference, the court will order Plaintiff to show cause why this case should not be transferred to the United States District Court for the Southern District of Indiana.

## IV.      CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is hereby DENIED and Plaintiff's motion for a preliminary injunction is hereby GRANTED.  It is further ORDERED that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiff Wesley Ira Purkey until further order of this court.

It is further ordered that Plaintiff must SHOW CAUSE, no later than July 31, 2020, why this case should not be transferred to the United States District Court for the Southern District of Indiana.

Date:  July 15, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

14